# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13CV-00173-JHM

ELIZABETH BERRY                                                                              PLAINTIFF

VS.

WALTER MORTGAGE CO./GREEN TREE SERVICES, ET AL.        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions to dismiss by Defendant, Ronnie Dortch [DN 14, DN 29], by Defendant, Jerry A. Burns [DN 27], by Defendant, Green Tree Servicing [DN 35], and on motions by Plaintiff, Elizabeth Berry, for a judgment of default against Defendant Ronnie Dortch [DN 21] and against Defendant Green Tree Servicing [DN 33]. Fully briefed, these matters are ripe for decision.

## I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint [] states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do

not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Erwin v. Edwards, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* plaintiff. Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Elizabeth Berry, was the holder of a life estate interest in 2.592 acres located in Morgantown, Butler County, Kentucky. She obtained a 30-year mortgage from Defendant, Walter Mortgage Company, on April 21, 2006. The mortgage was secured by a promissory note on the Plaintiff's property. Plaintiff defaulted on the mortgage. On March 23, 2007, Walter Mortgage Company represented by Defendant, Jerry Burns, instituted a foreclosure action against the Plaintiff in Butler Circuit Court with Defendant, Judge Ronnie C. Dortch, presiding. On March 29, 2007, Burns, on behalf of Walter Mortgage Company, filed an Amended Complaint adding Plaintiff's husband and children as parties.

On June 9, 2009, Judge Dortch granted summary judgment in favor of Walter Mortgage Company and ordered the sale of the property. He also entered an order referring the foreclosure action to Butler County Master Commissioner. The property was sold by the Master Commissioner on December 17, 2010. On February 8, 2011, Judge Dortch signed the Order of Distribution and Order of Confirmation. (See Butler Circuit Court, Case Number 07-CI-00041.)

Berry filed this action against Walter Mortgage Company, Green Tree Servicing, Jerry Burns, and Judge Ronnie Dortch. Berry's original complaint was filed on November 1, 2013 and her amended complaint was filed on March 10, 2014. Berry asserts that her property was taken without compensation, due process, and equal protection in violation of 18 U.S.C. § 242. Specifically, Berry alleges that Walter Mortgage Company did not fulfill the conditions of the mortgage by failing to deed to Berry an acre of the property in question, not inspecting the plumbing, permitting the damaged septic tank to remain unrepaired, and not providing the finishing allowance. Berry maintains that the mortgage was not secured because the remainderment/co-owners, her daughters, and husband did not give permission or sign the promissory note or any document pertaining to the mortgage. Berry in her amended complaint contends that Green Tree Servicing services Walter Mortgage Company's accounts.

Likewise, Berry asserts a claim against Jerry Burns alleging that he was the attorney for Walter Homes and failed to validate the mortgage denying her family certain constitutional rights. Finally, Berry alleges that Judge Dortch denied her husband, her children, and herself equal protection of law by granting summary judgment in favor of Walter Mortgage Company, issuing an Order of Sale, and signing the Order of Confirmation.

Defendants have filed multiple motions to dismiss arguing that (1) a private cause of action under 18 U.S.C. § 242 does not exist, (2) Plaintiff's claims are barred by the statute of limitations; (3) three of the Defendants did not act under color of state law; and (4) Judge Dortch

3

is protected by absolute judicial immunity. The Defendants raise other grounds for dismissal which are not necessary to address. Plaintiff filed motions for default judgment against Judge Dortch and Green Tree Servicing.

### III. DICUSSION

#### A. Private Cause of Action – 18 U.S.C. § 242

First, the Court notes that Plaintiff is asserting a cause of action against Defendants under a federal criminal statute 18 U.S.C. § 242. This criminal statute does not authorize any private civil cause of action. See Booth v. Henson, 290 Fed. Appx. 919, 920–21 (6th Cir. 2008)(stating that a private citizen lacks standing to file an action under criminal statutes 18 U.S.C. § 241 and 242); Kafele v. Frank & Woolridge Co., 108 Fed. Appx. 307, 308–09 (6th Cir. 2004); Easterling v. Crawford, 2014 WL 428931, *10 (S.D. Ohio Feb. 4, 2014); Sefa v. Fayette County Police, 2012 WL 2793015, *1 (E.D. Ky. July 9, 2012); Kelly v. City of New Philadelphia, 2011 WL 3705151 (N.D. Ohio 2011). Further, as a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Kafele, 108 Fed. Appx. at 308–09.

#### B. Statute of Limitations

Notwithstanding, the Court will construe Plaintiff's claims to be made pursuant 42 U.S.C. § 1983. Plaintiff asserts that her rights were violated under the Fifth and Fourteenth Amendments when the property in question was taken without compensation, due process, and equal protection of the law. Defendants maintain that Plaintiff's claims are barred by the one-year statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KRS § 413.140(1). Collard v. Kentucky Bd. of Nursing, 896

F.2d 179, 182 (6th Cir. 1990).

In a § 1983 action, to determine the date on which the cause of action accrues, the Court must turn to federal law. Eidson v. State of Tenn. Dept. of Children's Servs., 510 F.3d 631, 635 (6th Cir. 2007). Under federal law, "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Arauz v. Bell, 307 Fed. Appx. 923, 927–28 (6th Cir. 2009) (quoting McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to determine when the statute of limitations begins to run, the Court must determine "what event should have alerted the typical lay person to protect his or her rights." Eidson, 510 F.3d at 635.

On February 8, 2011, Judge Dortch signed the Order of Distribution and Order of Confirmation. (See Butler Circuit Court, Case Number 07-CI-00041.) Plaintiff originally filed her complaint in this action on November 1, 2013. She filed an amended complaint on March 10, 2014. The mortgage foreclosure action concluded with the sale of the property and confirmation in February of 2011. Thus, the alleged incidents supporting the Plaintiff's causes of action occurred between March 23, 2007 and February 9, 2011, and the statute of limitations began to run no later than February 9, 2011. See Hornback v. Lexington–Fayette Urban County, Government, 543 Fed. Appx. 499, 501-502 (6th Cir. 2013). Plaintiff has not alleged any activity by Defendants that would toll the statute of limitations for these claims. Thus, Plaintiff failed to file her claims related to the alleged unlawful activity by Defendants within the one-year statute of limitations period set forth in KRS § 411.140; therefore, these claims must be dismissed.

In as much as Walter Mortgage Company is a separate defendant from Green Tree Servicing, the Court holds that this conclusion also applies to it as well. Indeed, there would be no purpose in allowing this matter to go forward against it in view of the fact that it is clearly time-barred. See Castillo v. Grogan, 52 Fed. Appx 750, 751 (6th Cir. 2002) (noting that a court

may *sua sponte* dismiss a complaint as time-barred when the defect is obvious); Alston v. Tennessee Dept. of Corr., 28 Fed. Appx. 475, 476 (6th Cir. 2002) ("Because the statute of limitations defect was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); Fraley v. Ohio Gallia County, 166 F.3d 1213, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming the *sua sponte* dismissal of a *pro se* § 1983 action filed after the statute of limitations for bringing such an action had expired); Ali v. Morgan, 2009 WL 872896, *3 (E.D. Ky. Mar. 27, 2009) (holding that if a statute of limitations defense clearly appears on the face of a pleading, a court can raise the issue *sua sponte* ). Thus, Plaintiff's § 1983 claims are dismissed as to Defendant Walter Mortgage Company.

**C. Governmental Official or Entity**

Furthermore, Plaintiff's complaint fails to state a claim under § 1983 because Plaintiff fails to allege that Defendants, Walter Mortgage Company, Jerry Burns, and Green Tree Servicing, acted under color of state law as required under 42 U.S.C. § 1983. Construing the complaint in the light most favorable to the Plaintiff, the private mortgage company, the retained counsel, and the servicing company did not act under color of law. See, e.g., Lally v. Crawford County Trust & Sav. Bank, 863 F.2d 612 (8th Cir. 1988)(affirming the decision of a district court dismissing a debtor's § 1983 claim against bank for lack of state action, where the debtor's only claim was based on allegation that bank employee acted under color of state law when he threatened to have the debtor put in jail for account overcharge); Thompson v. Wells Fargo Inc., 2009 WL 2567890, at *3 (D. Nev. Aug. 18, 2009) (dismissing prisoner's § 1983 claim against the bank and other private actors for allegedly failing to follow state eviction law); Burrows v. McEvoy, 2008 WL 4909386, *5 (E.D. Mich. Nov. 12, 2008) (dismissing § 1983 claim against lawyer who initiated foreclosure proceedings because lawyer was not a state actor); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-

appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); Fagan v. Banterra Bank, 2011 WL 1740017 (W.D. Ky. May 5, 2011). Thus, for these reasons, Plaintiff fails to state a claim against Defendants Walter Mortgage Company, Green Tree Servicing, and Burns.

### D. Judicial Immunity

Plaintiff sues Butler Circuit Court Judge Ronnie Dortch. However, a judge performing judicial functions is absolutely immune from suit seeking monetary damages. Mireles v. Waco, 502 U.S. 9, 9–10 (1991). Judicial immunity is available even if the judge acts maliciously, corruptly, or in bad faith. Id. at 11. Because Plaintiff complains only about conduct that comprises the very core of a judge's official duties, the Court concludes that absolute judicial immunity bars the claims for monetary damages against Judge Dortch.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the motions to dismiss Plaintiff's complaint by Defendant, Ronnie Dortch [DN 14, DN 29], by Defendant, Jerry A. Burns [DN 27], by Defendant, Green Tree Servicing [DN 35] are **GRANTED**. In as much as Walter Mortgage Company is a separate entity, all claims against it are **DISMISSED**. **IT IS FURTHER ORDERED** that the motions by Plaintiff, Elizabeth Berry, for a judgment of default against Defendant Ronnie Dortch [DN 21] and against Defendant Green Tree Servicing [DN 33] are **DENIED**. The Court will enter a Judgment consistent with this Opinion.

*[Signature]*

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

May 28, 2014